UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



| | |
|---|---|
| DIEGO ALEJANDRO MOTA LONDOÑO<br>A#204572198<br><br>Petitioner,<br>v.<br><br>WARDEN, Alligator Alcatraz Detention Facility;<br>FIELD OFFICE DIRECTOR, Miami Field Office,<br>U.S. Immigration and Customs Enforcement;<br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security; and<br>MERRICK B. GARLAND, Attorney General of the United States, in their official capacities,<br>Respondents. | Case No: 26-cv-20315-MD<br><br>PETITION FOR WRIT OF HABEAS CORPUS<br>28 U.S.C. § 2241<br><br>ORAL ARGUMENT REQUESTED |

## INTRODUCTION

1. Petitioner Diego Alejandro Mota Londoño is a citizen of Colombia and a long-term recipient of Deferred Action for Childhood Arrivals (DACA) since 2013, continuously renewed through the Department of Homeland Security ("DHS").

2. Petitioner is currently civilly detained by U.S. Immigration and Customs Enforcement ("ICE") at Alligator Alcatraz Detention Facility in Florida, despite having no criminal history, no removal order, and no immigration court proceedings pending.

3. Petitioner has never appeared in Immigration Court, has never been ordered removed, and no Notice to Appear (NTA) has been filed with the Executive Office for Immigration Review (EOIR) under his A-Number.

4. ICE has informed Petitioner that he would have an immigration hearing; however, EOIR records confirm that no case exists, leaving Petitioner detained without access to an Immigration Judge or bond hearing.

5. Petitioner suffers from diabetes and is not receiving insulin or adequate nutrition while detained, creating a potential medical emergency and risk of serious bodily harm or death. 6. Accordingly, to vindicate Petitioner's constitutional, statutory, and regulatory rights, this Court should grant the instant Petition for Writ of Habeas Corpus and order Petitioner's immediate release.

7. Absent an order from this Court, Petitioner will remain unlawfully detained and exposed to irreparable medical harm.

8. Petitioner asks this Court to find that his detention is unconstitutional and unlawful and to order immediate release from ICE custody, or alternatively, release under supervision or medical parole.

## JURISDICTION

9. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

11. This Court may grant relief under 28 U.S.C. § 2241 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

12. Venue is proper in this District because Petitioner is detained at Alligator Alcatraz Detention Facility, located within the jurisdiction of this Court.

13. Venue is also proper under 28 U.S.C. § 1391(e) because Respondents are officers and agencies of the United States acting in their official capacities.

## REQUIREMENTS OF 28 U.S.C. § 2243

14. Under 28 U.S.C. § 2243, this Court must grant the writ or issue an Order to Show Cause forthwith, unless Petitioner is not entitled to relief.

15. If an Order to Show Cause is issued, Respondents must file a return within three days, unless extended for good cause.

16. Habeas corpus is a swift and imperative remedy for unlawful restraint. Fay v. Noia, 372 U.S. 391, 400 (1963).

## PARTIES

17. Petitioner entered the United States in March or April 2002, at approximately nine years old, traveling by commercial airplane into New York City with family members.

18. Due to the passage of time and Petitioner's young age at entry, no documentary proof of entry was retained.

19. Petitioner resided primarily in North Carolina for most of his life and relocated to Florida in November 2024.

20. Respondent Warden, Alligator Alcatraz Detention Facility, has immediate physical custody of Petitioner.

21. Respondent ICE Field Office Director (Miami) is a legal custodian of Petitioner with authority to release him.

22. Respondent Alejandro Mayorkas, Secretary of DHS, oversees ICE and the enforcement of the INA.

23. Respondent Merrick B. Garland, Attorney General of the United States, oversees EOIR and the Immigration Courts.

## STATEMENT OF FACTS

24. Petitioner has been a continuous DACA recipient since 2013, with repeated renewals approved after background checks and DHS determinations that he posed no public safety or national security risk.

25. Petitioner has no criminal history and no prior arrests or convictions.

26. In November 2025, Petitioner was arrested in Florida on an allegation of domestic battery.

27. On December 19, 2025, the State of Florida issued a No Information Notice, formally declining to prosecute due to insufficient admissible evidence and lack of a cooperating witness.

28. Petitioner was not convicted, and the case was fully dismissed. There are no pending criminal charges or holds.

29. Despite this dismissal, ICE detained Petitioner.

30. Petitioner has never been placed in removal proceedings, never received an NTA, and no EOIR case exists under his A-Number.

31. Under 8 C.F.R. § 1003.14, Immigration Court jurisdiction vests only upon filing of a charging document. No such filing has occurred.

32. Petitioner is therefore detained without immigration court jurisdiction, bond eligibility, or meaningful judicial review.

33. Petitioner suffers from diabetes and requires regular insulin and appropriate meals.

34. While detained, Petitioner has not received insulin consistently, and food provided is medically insufficient, placing him at immediate risk of serious medical harm.

35. Petitioner is married to a United States citizen, Alexandria Mota Londoño, and has extensive family and community support, as evidenced by sworn declarations submitted with this Petition.

## LEGAL FRAMEWORK

36. Civil immigration detention must be reasonable and non-punitive and must comply with due process. Zadvydas v. Davis, 533 U.S. 678 (2001).

37. Detention without access to a court or hearing violates the Fifth Amendment Due Process Clause.

38. Failure to provide necessary medical care to a detainee constitutes deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

## CLAIMS FOR RELIEF

## COUNT ONE

Violation of Fifth Amendment Right to Due Process

39. Petitioner realleges all prior paragraphs.

40. Petitioner is detained without an NTA, without EOIR jurisdiction, and without access to an Immigration Judge or bond hearing.

41. Such detention is arbitrary, indefinite, and unconstitutional.

42. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO

**Violation of 8 U.S.C. § 1226 and Implementing Regulations**

43. Petitioner realleges all prior paragraphs.

44. ICE lacks statutory authority to detain Petitioner absent properly initiated removal proceedings.

45. Detention without filing an NTA violates 8 U.S.C. § 1226 and 8 C.F.R. § 1003.14.

46. For these reasons, Petitioner's detention violates federal law.

## COUNT TWO

**Violation of 8 U.S.C. § 1226 and Implementing Regulations**

43. Petitioner realleges all prior paragraphs.

44. ICE lacks statutory authority to detain Petitioner absent properly initiated removal proceedings.

45. Detention without filing an NTA violates 8 U.S.C. § 1226 and 8 C.F.R. § 1003.14.

46. For these reasons, Petitioner's detention violates federal law.

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, Diego Alejandro Mota Londoño, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Date: JANUARY 16, 2026**

/S/Diego Alejandro Mota Londoño
A#204572198
Petitioner, Pro Se
Miami Federal Detention Center
33 NE 4th Street
Miami, FL 33132

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2026, I hand-delivered for filing the foregoing Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to the Clerk of Court of the United States District Court for the Southern District of Florida, Miami Division, located at 400 North Miami Avenue, Miami, Florida 33128.

I further certify that a true and correct copy of the foregoing was served on the Respondent by U.S. Mail on the same date, addressed as follows:

Warden
Miami Federal Detention Center
33 NE 4th Street
Miami, Florida 33132

and on counsel for the Respondent:

United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, Florida 33132

Service was made pursuant to Rule 5 of the Federal Rules of Civil Procedure.

/S/Diego Alejandro Mota Londoño
A#204572198
Petitioner, Pro Se
Miami Federal Detention Center
33 NE 4th Street
Miami, FL 33132

I, Hunter Schultz, Florida, and US resident born 5/8/1998 do solemnly affirm and declare the following statement to be true and correct to the best of my knowledge.

I am providing this declaration of facts in support of the legitimacy of the relationship of my friend Diego Mota.

I am friends of Alexandria and Diego Mota. I moved to Orlando a few years back and have become remarkably close with the couple since then. I met Alexandria through work and met Diego shortly after. I have known the couple before they were married. Diego is the kind of person that everyone wishes they had in their life. He has been there for me and supported me like a brother. When I needed work and did not have a car the couple got me a job and Diego took me to and from my job every single day. While I was long distance with my now husband Diego picked out my first pet. Alex & Diego surprised me with a kitty when I got back into the country, knowing the emotional toll I was going through. Last month in November, Alex and Diego cooked and celebrated an entire thanksgiving feast for me and my husband knowing that we would be alone and had no family in Orlando to eat with during the holidays. When I have been in danger, they have been the first to come running and make sure I am safe. They have supported and shown up in ways for me that I will not forget. I consider them family. None of us have any family in Orlando so we all made a family with each other. Diego has also been of emotional support and a great friend to my husband since uprooting his entire life and moving to the United States. During the summer he would come to our house, grill for us, and hang out by the pool. On his days off he would go to the mall or on dinner dates with my husband. Diego has also taken the time out of his day to help around the house on different occasions when needed. Whether it be to paint my walls in the apartment, or fix the tires on my bike, he is always a selfless helping hand without a second thought. He is kind and always make sure the people he cares for around him are taken care of. Not only is he good to people he has a huge heart and a huge love for his kitten Cleo. He is such a good uncle to my kitten and cat dad to his. My husband and I have appreciated his care and friendship.

Based on my observations and interactions with Diego, I can attest to genuine care, respect, and friendship.
If you have any questions or concerns, please contact me through my email at asiyah.hunter@icloud.com or my phone number, (720)883- 9648.

I declare under penalty that the following is true and correct to the best of my knowledge, information and belief.

Hunter Shaelynn Schultz

To whom it may concern

My name is Monique Donofrio and DIEGO ALEJANDRO MOTA is Married to my sister Alexandria Mota which makes him my brother Inlaw. I know Mr. Mota for three years. He impacts my life by being a supportive person in my everyday life. He also gives me advice on life decisions when needed. He is especially important to my sister Alexandria Mota as he was not only her financial supporter but her best friend. They had plans for future to grow a family one day. Diego and I share lot of memories over the past three years. My favorite one must be their wedding standing by theirs and watching them both day I do.

Thank you,

Monique Donofrio
153 Beach 126 street
Belle Harbor Ny 11694
347-637-4977

**Honorable Judge,**

My name is **Alexandria Mota Londono**, and I am the wife of **Diego Mota Londono**. We have been married for over two years, and I have known Diego since we were 14 years old. I respectfully submit this letter to express the profound impact my husband has had on my life and the deep hardship I am experiencing in his absence.

Diego is not only my husband, but my provider, my support system, and my best friend. He has helped shape me into the person I am today through his constant love, encouragement, and dedication. Even before we were married, he worked tirelessly to make sure I was taken care of. When I shared with him that I did not have a car and was struggling financially, he immediately stepped in to help and bought me a car so that I could be stable and independent. He has always ensured that I never lacked anything.

Nine years ago, I lost both of my parents in the same year. That was one of the most painful and lonely times of my life, and Diego stood by me through it all. He helped me grieve, heal, and find strength when I felt completely alone. His emotional support during that time and still this day means more to me than I can put into words.

Diego is an incredibly hard worker. He works two jobs and is deeply valued by his employers and coworkers at **Benihana in Orlando, Florida**, as well as **First Watch**. He is known for his strong work ethic, kindness, and reliability. He takes pride in providing for his family and contributing positively to his workplace and community.

We do everything together, and being separated from him has been extremely difficult. Life does not feel the same without him. We were planning on starting our family this year, something we have both been looking forward to with great excitement and hope for the future.

Diego also has a beloved Maine Coon cat named **Cleo**, who he dearly misses. She has been noticeably sad without him, which is a small but meaningful reflection of how much he is loved and needed.

His absence has created an overwhelming emotional and financial hardship for me, as well as for his friends and family, who miss him deeply. I respectfully ask the Court to consider the love, stability, and positive contributions Diego brings into my life and the lives of others.

He came to this country as a child it has contributed tremendously as a DACA recipient.

Thank you for taking the time to read my letter and for your consideration. I am humbly asking for the opportunity to have my husband brought home.

Respectfully,

**Alexandria Mota Londono**
4617 Cason Cove Dr Apt 935

Orlando Florida 32811